**Eyama Linda Bih AUTHUR,**
**Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney**
**General, Respondent.**

No. 06–74944.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Olga Standifer, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy N. Safavi, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Eyama Linda Bih Authur, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, with-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

holding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

█ Substantial evidence supports the BIA's adverse credibility determination based on material discrepancies between Authur's testimony and her asylum applications regarding the number of times she was arrested, the length of her prison sentence, and whether she was sentenced without a trial. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–44 (9th Cir.2001); *see also Li*, 378 F.3d at 963 (concluding the agency properly considered and rejected the petitioner's explanation for discrepancies). In the absence of credible testimony, Authur's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Authur's CAT claim is based on testimony the agency found not credible, and there is no evidence in the record that compels a finding that it is more likely than not she would be tortured if returned to Cameroon, her CAT claim fails. *See id.* at 1156–57.

We reject Authur's due process claim based on the IJ's refusal to admit her documentary evidence. *See Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir.1990) (no denial of due process where alien fails to show prejudice).

█ Finally, we lack jurisdiction to review Authur's due process claim based on the IJ's exclusion of witness testimony because Authur failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**